# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| BRIAN W. CATT, by and through MICHAEL SKEANS and CINDY SKEANS, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 2:08-CV-243 JVB ) |
| AFFIRMATIVE INSURANCE COMPANY, | ) ) ) ) |
| Defendants. | ) |

**ORDER**

On July 21, 2009, Magistrate Judge Paul Cherry issued a Report and Recommendation on Defendant's Motion for Summary Judgment, Plaintiffs' Motion to Strike, and Plantiffs' Motion for Hearing. Judge Cherry recommended that the Court grant Defendant's Motion for Summary Judgment, deny Plaintiffs' Motion to Strike, and deny Plaintiffs' Motion for a Hearing. Plaintiffs' timely objected to the Report and Recommendation on June 30, 2009.[1]

The Court granted Plaintiffs' Motion for a Hearing, which was held on January 14, 2010, and both the Plaintiffs and Defendant had an opportunity to make arguments. Upon review of the pleadings and motions filed in this case, it is the Court's finding that Judge Cherry's Report and Recommendation should be accepted.

In accepting the Report and Recommendation, the Court adds to Judge Cherry's reasoning. At the oral argument held on January 14, 2010, counsel for Plaintiffs argued that

---

[1] Because the Court granted Plaintiffs' Motion for a Hearing on December 21, 2009, this Order applies only to Plaintiffs' Motion to Strike and Defendant's Motion for Summary Judgment.

*Kocher v. Getz* stood for the principle that, in a situation in which a party's bad faith claim is time barred by an appeal, the statute of limitations will not apply if the party files the bad faith claim in a "timely manner." *Kocher v. Getz*, 824 N.E.2d 1026, 1033 (Ind. Ct. App. 2006). Plaintiffs further argued that the holding in *Kocher* entitled them to reasonable time to file their bad faith claim.

The Court disagrees that *Kocher* is applicable to the present case. In *Kocher*, the statute of limitations expired during the appeal. In the present case, Catt's appeal was exhausted on July 17, 2007, when the Indiana Supreme Court denied transfer, and the statute of limitations did not expire until March 8, 2008. Furthermore, to the extent that *Kocher* has any applicability to the present case, the Court is not persuaded that Plaintiffs filed their bad faith claim in a timely manner. Plaintiffs obtained the assignment on October 2, 2007 and had until March 8, 2008 to file their claim within the statute of limitations, but they did not file their claim until August 14, 2008, over ten months after Plaintiffs obtained the assignment.

Accordingly, the Court ACCEPTS with the foregoing modification Judge Cherry's Report and Recommendation [DE 38] and OVERRULES Plaintiffs' Motion for Review of a Magistrate Judge Decision by a District Judge [DE 41]. Therefore, Plaintiffs' Motion to Strike [DE 36] is DENIED as moot and Defendant's Motion for Summary Judgment [DE 13] is GRANTED.

SO ORDERED on February 3, 2010.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE